THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY,

    Plaintiff,

v.                                            CASE NO. 1:11-cv-259-SPM-GRJ

DORETHA DEVEER, JEFFREY
SMITH, GREGORY SMITH, and
CINDRA DOLAN,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

       The matter is before the Court on Plaintiff Metropolitan Life Insurance Company's Unopposed Motion For Interpleader And For Dismissal From This Action Without Prejudice. (Doc. 11.) Plaintiff requests the Court to enter an order approving Plaintiff's Complaint for Interpleader, authorizing Plaintiff to deposit the insurance proceeds in the registry of the Court and then discharging Plaintiff from this action. For the reasons discussed below Plaintiff's motion is due to be granted.

## I. DISCUSSION

       Plaintiff, Metropolitan Life Insurance Company ("MetLife") brought this interpleader action under Rule 22 of the Federal Rules of Civil Procedure as a disinterested stakeholder seeking to require Defendants Doretha DeVeer, Jeffrey Smith, Gregory Smith and Cindra Dolan (the "claimants") to litigate their rights under a group life insurance policy provided under an ERISA regulated employee welfare benefit plan sponsored by General Motors. Harvey G. Smith, the decedent, was a

retiree from General Motors and upon his death the beneficiary is entitled to a death benefit in the amount of $10,000.00. Jurisdiction is founded upon federal question jurisdiction on the grounds that the insurance policy at issue is part of an employee welfare benefit plan and therefore arises under the Employee Income Security Act of 1974 as amended, 29 U.S.C. §§ 1001-1461 ("ERISA."). Further, because two or more of the claimants are of diverse citizenship and the value of the insurance proceeds involved in this case is more than $500.00 the Court also has jurisdiction pursuant to 28 U.S.C. § 1335.

    Plaintiff requests permission to deposit into the Court's registry the proceeds from the life insurance policy in the sum of $10,000.00, plus any applicable interest. Plaintiff represents that the claimants are not opposed to this request.

    As alleged in the Complaint, the decedent, a retiree from General Motors, Inc. was a participant in the General Motors Group Insurance Plan (the "Plan"), which is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. § 1001 *et seq.* The Plan was sponsored by General Motors and was funded by a group life insurance policy issued by MetLife. The death benefit of the policy is $10,000.00.

    At the time of Decedent's death on February 8, 2011 the policy beneficiary was listed as Defendant Doretha DeVeer, the Decedent's wife. The prior beneficiary designation form on file is dated March 19, 2004 and names Defendants Jeffrey Smith, Gregory Smith, and Cindra Dolan, the Decedent's children, as the beneficiaries

    Plaintiff received a claim from Defendant Doretha DeVeer on April 12, 2011. However, on March 7, 2011 Plaintiff received a letter from counsel for Defendant

Jeffrey Smith asserting that he and his siblings are entitled to the proceeds of the insurance policy and not Defendant Doretha DeVeer. Accordingly, the Plaintiff is an innocent stakeholder who is unable to determine whether Defendant Doretha DeVeer or Defendants Jeffrey Smith, Gregory Smith and Cindra Dolan are entitled to the $10,000.00 proceeds from the MetLife policy.

The purpose of an interpleader action is to protect a party from the possibility of defending multiple claims to a limited fund. *See, e.g.* Matter of Bohart, 743 F.2d 313, 324 (5th Cir. 1984). To accomplish this goal the interpleader statutes and rules are "liberally construed to protect the stakeholder from the expense of defending twice, as well as to protect him from double liability." *See,* Hunter v. Federal Life Ins. Co., 111 F.2d 551, 556 (8th Cir. 1940)("It is our opinion that a stakeholder, acting in good faith, may maintain a suit in interpleader for the purpose of ridding himself of the vexation and expense of resisting adverse claims, even though he believes that only one of them is meritorious.").

The Plaintiff has shown that the Defendants have made competing claims to the $10,000.00 proceeds from the life insurance policy. Thus, MetLife has the right to file an action in interpleader to avoid the vexation and expense of resisting competing claims.

Accordingly, upon due consideration, Plaintiff Metropolitan Life Insurance Company's Unopposed Motion For Interpleader And For Dismissal From This Action Without Prejudice (Doc. 11) is due to be granted. MetLife should be authorized to deposit the proceeds in the amount of $10,000.00, plus interest from the group life insurance policy which insured the Decedent, Harvey G. Smith, into the Court registry

by check payable to the Clerk of the United States District Court delivered to the Clerk's Office of the Gainesville Division. The sum will remain in the Court's registry until disbursed pursuant to the final judgment of this Court.

Further, where, as here, the Court has found that a proper interpleader action has been instituted by a disinterested stakeholder, the disinterested stakeholder should be dismissed from the lawsuit and discharged from liability once it has deposited the funds into the Court registry. Southtrust Bank of Fla., N.A. v. Wilson, 971 F.Supp. 539, 542 (M.D. Fla. 1997); Kurland v. United States, 919 F.Supp. 419, 421 (M.D. Fla. 1996).

MetLife is a disinterested stakeholder because it does not claim any interest in the proceeds of the life insurance policy. Further, MetLife does not know the rightful owner of the proceeds, which are subject to the conflicting claims of the claimants. Therefore, after MetLife has deposited the remaining proceeds into the Court registry it will have fulfilled its obligations and should be dismissed from the action and discharged from all further liability relating to the remaining proceeds.[1]

## II. RECOMMENDATION

Accordingly, for these reasons, it is respectfully **RECOMMENDED** that:

(1)  Plaintiff Metropolitan Life Insurance Company's Unopposed Motion For Interpleader And For Dismissal From This Action Without Prejudice (Doc. 11) should be **GRANTED**.

(2)  Plaintiff MetLife should be ordered to deposit the proceeds of $10,000.00,

---

[1] Although MetLife would be entitled to an award of costs and attorney's fees – *see, e.g.* Murphy v. Travelers Ins. Co., 534 F.2d 1155, 1164 (5th Cir. 1976)("as a general rule, when an interpleader action is successful, the court often awards costs, as well as attorney's fees, to the stakeholder.") – MetLife is not seeking attorney's fees for having commenced this action. (Doc. 8, p. 5.)

plus any applicable interest, into the Court's registry within thirty (30) days of the date of the Court's Order adopting this report and recommendation.

(3)   The Defendants, Doretha DeVeer, Jeffrey Smith, Gregory Smith and Cindra Dolan their officers, agents, servants, and attorneys and those in active concert or participation with them who receive actual notice of the Court's Order should be enjoined from instituting any action or actions in any court against MetLife, General Motors, Inc. or the General Motors Group Insurance Plan arising out of or relating to any claim or claims with respect to the rights to and proceeds regarding the Plan payable as a consequence of the death of Harvey G. Smith.

(4)   MetLife, General Motors, Inc. and the General Motors Group Insurance Plan and their successors and assigns should be fully and finally discharged from all further liability as to any and all claims or causes of action arising out of or in any way connected with the Plan Benefits.  MetLife should be dismissed from this action after it deposits the proceeds of $10,000.00, plus applicable interest, into the Court's registry.

(5)   Defendants Doretha DeVeer and Jeffrey Smith are directed to file a notice within twenty days (20) advising whether there continues to be adverse claims to the monies deposited into the Court's registry. If adverse claims remain the parties should be directed to meet to prepare and file a case management and scheduling report pursuant to Rule 26 of the Federal Rules of Civil Procedure.

**IN CHAMBERS** in Gainesville, Florida this 13th day of August 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

*Case No: 1:11-cv-259-SPM -GRJ*

## **NOTICE TO THE PARTIES**

  **Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**